# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:23-cv-00098-FDW

| | |
|---|---|
| RODWYN ANTONIO TAYLOR, ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| JOHN DOE 2, et al., ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's letter [Doc. 21], which the Court construes as a motion to view video evidence.

On May 5, 2023, Plaintiff's Complaint under 42 U.S.C. § 1983 survived initial review in accordance with the Court's Order. [Docs. 1, 10]. The Court ordered Plaintiff to provide the names of surviving Defendants John Doe 2 and John Doe 3 or any information helpful to the identification of these Defendants. [Doc. 10 at 6]. Plaintiff timely responded, advising the Court that he is unable to identify the John Doe Defendants and he was transferred to a different prison "immediately." [Doc. 13 at 3]. Plaintiff, however, provided additional information to assist in identifying the Doe Defendants, including that he did not believe that Defendants John Doe 2 and John Doe 3 were assigned to Plaintiff's unit on December 23, 2021, the day of the alleged use of force incident. The Court, therefore, ordered the North Carolina Attorney General's Office (NCAGO) to investigate the identities of the Doe Defendants using the information in Plaintiff's Response [Doc. 13] and Plaintiff's Complaint [Doc. 1] and any other tools or information at their disposal and to report back to the Court. The NCAGO responded, providing an instructive and helpful recitation of its efforts and the results of its investigation. The NCAGO's investigation

revealed the identity of four individuals who may be Defendants John Doe 2 and John Doe 3, but the NCAGO concluded that "it is not possible for the NCAGO or the North Carolina Department of Adult Correction to identify John Doe 2 or John Doe 3." [Doc. 15 at 2]. In response, the Court noted that the NCAGO did not report whether the four identified individuals, that is, James Ramsey, Travis Payne, Bobby Daniels, and Isaac Grear, were assigned to Plaintiff's unit on December 23, 2021. The Court noted that, with that information, it may be possible for Plaintiff to determine whether any of these individuals is John Doe 2 or John Doe 3. The Court, therefore, ordered the NCAGO to investigate whether James Ramsey, Travis Payne, Bobby Daniels, and Isaac Grear were assigned to Plaintiff's unit at Mountain View Correctional Institution on December 23, 2021, at approximately 7:00 a.m. and report back to the Court. [Doc. 16]. The NCAGO timely complied and instructed that Bobby Daniels and Isaac Grear were assigned to Plaintiff's housing unit at that time on December 23, 2021, and that James Ramsey and Travis Payne were assigned to other posts that day. [Doc. 17]. Despite this additional information, Plaintiff now asks to view the video footage of the incident to assist him in identifying the Doe Defendants. [Doc. 21]. Plaintiff states that, "[i]t is impossible for [him] to match the names with the individuals since [he doesn't] know which names belong to which officers." [Id. at 1]. Although the Court does not understand how viewing the video footage will help Plaintiff identify the Doe Defendants since he does not know which name belongs to which officer in the first place, the Court will nonetheless grant Plaintiff's motion for the sake of allowing Plaintiff every possible means to identify the Doe Defendants in this case. The Court will direct the NCAGO to arrange for Plaintiff to view the video footage at his correctional facility and report to the Court the date on which this occurs. The Court will also order that Plaintiff has 10 days from such viewing to move to substitute the true identities of the Doe Defendants in this matter.

The Court again admonishes Plaintiff to carefully review the Order of Instructions [Doc. 3] in this case. The instant letter is improper. All requests to the Court must be made in the form of a motion and should include a case caption. The Court opted not to strike Plaintiff's letter here for the sake of judicial economy only. **<u>Should Plaintiff persist in filing improper documents with the Court, they may be summarily stricken.</u>**

As for Plaintiff's request for information regarding discovery assistance by the North Carolina Prisoner Legal Services, Plaintiff is directed to the Court's July 7, 2023 Order at Docket No. 20.

**IT IS, THEREFORE, ORDERED** that the North Carolina Attorney General's Office has 14 days from this Order to arrange for and have the Plaintiff view the video footage of the incident in this matter and to report back to the Court the date on which this occurs.

**IT IS FURTHER ORDERED** that Plaintiff must move to substitute the true identities of the Doe Defendants within 10 days of the viewing such footage.

**IT IS SO ORDERED**.

Signed: July 17, 2023

*[Signature]*

Frank D. Whitney
United States District Judge