| | |
|---|---|
| RODWYN ANTONIO TAYLOR, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>JOHN DOE 2, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, [Doc. 27], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 8].

**I.    BACKGROUND**

Pro se Plaintiff Rodwyn Antonio Taylor ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. On April 7, 2023, he filed this action pursuant to 42 U.S.C. § 1983 against Defendant John Doe 1, identified as the Warden at Mountain View Correctional Institution ("Mountain View"), and Defendants John Doe 2 and John Doe 3, both identified as Correctional Officers at Mountain View, all sued in their individual and official capacities. [Doc. 1]. On May 5, 2023, Plaintiff's Eighth Amendment excessive force claims against Defendants John Doe 2 and John Doe 3 in their individual capacities passed initial review and Defendant John Doe 1 and Plaintiff's remaining claims were dismissed. [Doc. 10]. Since then, the Court has issued several Orders assisting the Plaintiff in identifying Defendants John Doe 2 and John Doe 3. [Docs. 14, 16, 22; see Doc. 26]. Ultimately, the Court ordered the North Carolina Attorney General's Office

(NCAGO) to arrange for Plaintiff to view the video footage of the alleged incident at Plaintiff's correctional facility. [Doc. 22]. Thereafter, Plaintiff acknowledged that his allegations of the incident were not wholly consistent with the incident as reflected on the video footage and asked the Court to order the NCAGO to identify certain individuals depicted in the video. [Doc. 24]. Plaintiff also requested to "rewrite" his Complaint. [Doc. 25]. The Court, therefore, ordered Plaintiff to file an amended Complaint, as informed by the video evidence. [Doc. 26 at 2]. The Court ordered that, if Plaintiff's amended Complaint survives initial review, it would order the NCAGO to identify the relevant Doe Defendants. [Id.].

Plaintiff's Amended Complaint is now before the Court on initial review. [Doc. 27]. Plaintiff names Defendants John Doe 2, John Doe 3, and John Doe 4, all identified as "prison guard officers," as Defendants in this matter.[1] Plaintiff alleges as follows. On December 23, 2021, at Mountain View, in "E. housing POD 'E,'" at approximately 7:11 a.m., Defendant John Doe 2 assaulted Plaintiff with a baton as Plaintiff was retreating and "begging them not to hurt [him]." [Id. at 7]. Defendant John Doe 2 struck Plaintiff with a baton "while [Plaintiff] pose[d] no threat." [Id.]. At 7:14 a.m., Defendant John Doe 3 came behind the Plaintiff while Plaintiff's hands were handcuffed behind his back and bent and twisted Plaintiff's hands "in a harmful manner," breaking Plaintiff's right hand. [Id. at 7-8]. Between 7:22 a.m. and 7:25 a.m., Defendant John Doe 4 pulled Plaintiff's shirt over his head and choked and punched the Plaintiff in the face while Plaintiff was in full restraints and "strapped in a restraint chair, with no way of defending [himself]" and "posing as no threat." [Id. at 8]. Plaintiff was temporarily "knocked out by the punch but later regained consciousness." [Id.].

---

[1] Despite the Court having previously dismissed Plaintiff's official capacity claims, he again purports to sue Defendants in their individual and official capacities. The Court declines to again address Plaintiff's official capacity claims. They will be dismissed.

Plaintiff claims that Defendants violated his Eighth Amendment rights. [Id. at 3]. For injuries, Plaintiff claims he suffered a "bruised face" and "broken hand" requiring surgery at an outside facility, as well as mental and emotional distress. [Id. at 5, 8]. For relief, Plaintiff seeks monetary relief, including punitive damages. [Id. at 9].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48

3

(1988).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

Taking Plaintiff's allegations as true for the purpose of initial review and drawing all reasonable inferences in his favor, Plaintiff's Eighth Amendment excessive force claims against Defendants John Doe 2, John Doe 3, and John Doe 4 are not clearly frivolous and pass initial review. The Court, therefore, will order the NCAGO to identify these Doe Defendants from the video footage of the incident, the information alleged in Plaintiff's Amended Complaint, and any other available information or means, including any relevant information previously provided by the NCAGO or the Plaintiff in this matter. For the sake of economy, the Court will thereafter sua sponte substitute the true, full names of these Doe Defendants in this matter and direct that the procedure for waivers of service be commenced.

**IV.    CONCLUSION**

In sum, the Amended Complaint survives initial review under 28 U.S.C. § 1915A in accordance with the terms of this Order.

# ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Eighth Amendment excessive force claims against Defendants John Doe 2, John Doe 3, and John Doe 4 pass initial review. 28 U.S.C. §§ 1915(e) and 1915A.

**IT IS FURTHER ORDERED** that Plaintiff's official capacity claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that the NCAGO shall **IDENTIFY** Defendants John Doe 2, John Doe 3, and John Doe 4 within fourteen (14) days of this Order in accordance with the terms of this Order.

**IT IS SO ORDERED**.

Signed: September 11, 2023

Frank D. Whitney
United States District Judge