UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00098-FDW

| RODWYN ANTONIO TAYLOR, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| JAMES W. RAMSEY, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Request for NORTH CAROLINA ATTORNEY GENERAL'S OFFICES to Re-investigate and provide the correct identity of JOHN DOE 2, 3 and 4 in response to ORDER [DOC 29]." [Doc. 43].

Pro se Plaintiff Rodwyn Antonio Taylor ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Caswell Correctional Center in Blanch, North Carolina. On April 7, 2023, he filed this action pursuant to 42 U.S.C. § 1983 against Defendant John Doe 1, identified as the Warden at Mountain View Correctional Institution ("Mountain View"), and Defendants John Doe 2 and John Doe 3, both identified as Correctional Officers at Mountain View, all sued in their individual and official capacities. [Doc. 1]. On May 5, 2023, Plaintiff's Eighth Amendment excessive force claims against Defendants John Doe 2 and John Doe 3 in their individual capacities passed initial review and Defendant John Doe 1 and Plaintiff's remaining claims were dismissed. [Doc. 10]. The Court ordered Plaintiff to provide the names of surviving Defendants John Doe 2 and John Doe 3 or any information helpful to the identification of these Defendants. [Id. at 6]. Plaintiff timely responded, advising the Court that he is unable to identify the John Doe Defendants and he was transferred to a different prison "immediately." [Doc. 13 at

3]. Plaintiff, however, provided additional information to assist in identifying the Doe Defendants, including that he did not believe that Defendants John Doe 2 and John Doe 3 were assigned to Plaintiff's unit on December 23, 2021, the day of the alleged use of force incident. [Id. at 2-4]. The Court, therefore, ordered the North Carolina Attorney General's Office (NCAGO) to investigate the identities of the Doe Defendants using the information in Plaintiff's Response [Doc. 13] and Plaintiff's Complaint [Doc. 1] and any other tools or information at their disposal and to report back to the Court. [Doc. 14].

The NCAGO responded, providing an instructive and helpful recitation of its efforts and the results of its investigation. [Doc. 15]. The NCAGO's investigation revealed the identity of four individuals who may be Defendants John Doe 2 and John Doe 3 (James Ramsey, Travis Payne, Bobby Daniels, and Isaac Grear), but the NCAGO concluded that "it is not possible for the NCAGO or the North Carolina Department of Adult Correction to identify John Doe 2 or John Doe 3." [Id. at 2]. In response, the Court noted that the NCAGO did not report whether the four identified individuals were assigned to Plaintiff's unit on December 23, 2021, and, with this information, it may be possible to determine whether any of these individuals is John Doe 2 or John Doe 3. [Id.]. The Court, therefore, ordered the NCAGO to investigate whether James Ramsey, Travis Payne, Bobby Daniels, and Isaac Grear were assigned to Plaintiff's unit at Mountain View Correctional Institution on December 23, 2021, at approximately 7:00 a.m. and report back to the Court. [Id.].

The NCAGO timely complied and instructed that Bobby Daniels and Isaac Grear were assigned to Plaintiff's housing unit at 7:00 a.m. on December 23, 2021, and that James Ramsey and Travis Payne were assigned to other posts that day. [Doc. 17]. Despite this additional information, Plaintiff then asked to view the video footage of the incident to assist him in

2

identifying the Doe Defendants. [Doc. 21]. Plaintiff argued that, "[i]t is impossible for [him] to match the names with the individuals since [he doesn't] know which names belong to which officers." [Id. at 1]. The Court granted Plaintiff's motion "for the sake of allowing Plaintiff every possible means to identify the Doe Defendants in this case," and directed the NCAGO to arrange for Plaintiff to view the video footage at his correctional within 14 days of the Court's July 17, 2023 Order. [Doc. 22]. On July 31, 2023, the NCAGO reported that Plaintiff had viewed the footage. [Doc. 23].

After viewing the footage, Plaintiff acknowledged that his allegations of the incident were not wholly consistent with the incident as reflected on the video footage and asked the Court to order the NCAGO to identify certain individuals depicted in the video. [Doc. 24]. Plaintiff also requested to "rewrite" his Complaint. [Doc. 25]. The Court ordered Plaintiff to file an amended Complaint, as informed by the video evidence. [Doc. 26 at 2]. The Court further ordered that, if Plaintiff's amended Complaint survived initial review, it would order the NCAGO to identify the relevant Doe Defendants. [Id.].

Plaintiff filed an Amended Complaint naming Defendants John Doe 2, John Doe 3, and John Doe 4 as Defendants in this matter. [Doc. 27]. Plaintiff alleged as follows. On December 23, 2021, at Mountain View, in "E. housing POD 'E,'" at approximately 7:11 a.m., Defendant John Doe 2 assaulted Plaintiff with a baton as Plaintiff was retreating and "begging them not to hurt [him]." [Id. at 7]. Defendant John Doe 2 struck Plaintiff with a baton "while [Plaintiff] pose[d] no threat." [Id.]. At 7:14 a.m., Defendant John Doe 3 came behind the Plaintiff while Plaintiff's hands were handcuffed behind his back and bent and twisted Plaintiff's hands "in a harmful manner," breaking Plaintiff's right hand. [Id. at 7-8]. Between 7:22 a.m. and 7:25 a.m., Defendant John Doe 4 pulled Plaintiff's shirt over his head and choked and punched the Plaintiff

3

in the face while Plaintiff was in full restraints and "strapped in a restraint chair, with no way of defending [himself]" and "posing as no threat." [Id. at 8]. Plaintiff was temporarily "knocked out by the punch but later regained consciousness." [Id.]. Plaintiff's Eighth Amendment excessive force claims against Defendants John Doe 2, John Doe 3, and John Doe 4 survived initial review as not clearly frivolous. [Doc. 28]. The Court ordered the NCAGO to identify these Doe Defendants from the video footage of the incident, the information alleged in Plaintiff's Amended Complaint, and any other available information or means, including any relevant information previously provided by the NCAGO or the Plaintiff in this matter. [Id. at 4]. The NCAGO timely responded and based on the time stamps provided by the Plaintiff, identified John Doe 2 as James W. Ramsey and John Does 3 and 4 as Kody T. Hughes. [Doc. 29]. On September 26, 2023, the Court ordered that these Defendants be substituted for the Doe Defendants in this matter and ordered the Clerk to commence the process for waiver of service. [Doc. 30]. On February 16, 2024, Defendants Ramsey and Hughes answered Plaintiff's Amended Complaint. [Doc. 38]. The Court then entered a Pretrial Order and Case Management Plan (PTOCMP), setting the deadline to amend or join parties as April 9, 2024. [Doc. 39].

Seven months after viewing the video [Doc. 23-1] and six months after amending his Complaint [Doc. 27], Plaintiff now moves the Court to order the NCAGO to reinvestigate the identities of the Does Defendants. [Doc. 43]. As grounds, Plaintiff states that he "disagrees" that John Doe 3 and John Doe 4 are both Defendant Hughes and that a reinvestigation "will show a degree of differences between John Doe 3 and John Doe 4." [Id. at 2]. Plaintiff also states that "if defendant Kody T. Hughes [were] the active sergeant on the date of the alleged incident … it is impossible for him to be John Doe 3 or John Doe 4 because he didn't have a mask … and neither John Doe 3 and John Doe 4 displayed Sergeant stripes on their uniform[.]" [Id.]. Plaintiff also

4

argues that he believes John Doe 2 "is in fact Isaac Grear," not James Ramsey, "because after reviewing the video Plaintiff believes John Doe 2 body frame is more similar to Isaac Grear and because also Plaintiff believes for a fact that John Doe 2 was assigned to Plaintiff's post because moments before the incident Plaintiff had had a conversation with Isaac Grear who Plaintiff was more familiar with [due] to past interactions." [Id. at 2-3]. Plaintiff also "request[s] Photo Images of James Ramsey, Travis Payne, Bobby Daniels, Kody Hughes and Isaac Grear"; an opportunity to rewatch the video of the incident; and the rank "of each officer previously mentioned." [Id. at 3].

    The Court will deny Plaintiff's motion. The Court has been extraordinarily patient and accommodating with Plaintiff's attempts to identify the Doe Defendants in this matter. And the NCAGO, as ordered by the Court, has taken considerable action to assist Plaintiff in identifying these Defendants. Now, seven months after Plaintiff viewed the video footage of the incident and five months after Defendants Ramsey and Hughes were substituted for the Doe Defendants in this matter, Plaintiff complains that he does not believe these Defendants were properly identified. The Court will not require the NCAGO to again review the video footage to reidentify the Doe Defendants or order the other relief Plaintiff seeks. There is no reason to believe the NCAGO would have subjected Defendants Ramsey and Hughes to liability as Defendants in this matter if they were not, in fact, the individuals involved in the incident at the time stamps provided by Plaintiff himself. Moreover, the Court will not sanction Plaintiff's substantial and unexplained delay in seeking to remedy any alleged misidentification. If Plaintiff wishes to take the proper steps to seek to again amend his Complaint at this stage, he may do so.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion [Doc. 43] is **DENIED**.

Signed: April 3, 2024

Frank D. Whitney
United States District Judge

6

Case 1:23-cv-00098-FDW   Document 45   Filed 04/03/24   Page 6 of 6