UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00098-FDW

| RODWYN ANTONIO TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| JAMES W. RAMSEY, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Request to VIEW ALL THE VIDEO EVIDENCE." [Doc. 46].

Pro se Plaintiff Rodwyn Antonio Taylor ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Caswell Correctional Center in Blanch, North Carolina. On April 7, 2023, he filed this action pursuant to 42 U.S.C. § 1983 against Defendant John Doe 1, identified as the Warden at Mountain View Correctional Institution ("Mountain View"), and Defendants John Doe 2 and John Doe 3, both identified as Correctional Officers at Mountain View, all sued in their individual and official capacities. [Doc. 1]. On May 5, 2023, Plaintiff's Eighth Amendment excessive force claims against Defendants John Doe 2 and John Doe 3 in their individual capacities passed initial review and Defendant John Doe 1 and Plaintiff's remaining claims were dismissed. [Doc. 10]. The Court ordered Plaintiff to provide the names of surviving Defendants John Doe 2 and John Doe 3 or any information helpful to the identification of these Defendants. [Id. at 6]. Plaintiff timely responded, advising the Court that he is unable to identify the John Doe Defendants and he was transferred to a different prison "immediately." [Doc. 13 at 3]. Plaintiff, however, provided additional information to assist in identifying the Doe Defendants,

including that he did not believe that Defendants John Doe 2 and John Doe 3 were assigned to Plaintiff's unit on December 23, 2021, the day of the alleged use of force incident. [Id. at 2-4]. The Court, therefore, ordered the North Carolina Attorney General's Office (NCAGO) to investigate the identities of the Doe Defendants using the information in Plaintiff's Response [Doc. 13] and Plaintiff's Complaint [Doc. 1] and any other tools or information at their disposal and to report back to the Court. [Doc. 14].

The NCAGO responded, providing an instructive and helpful recitation of its efforts and the results of its investigation. [Doc. 15]. The NCAGO's investigation revealed the identity of four individuals who may be Defendants John Doe 2 and John Doe 3 (James Ramsey, Travis Payne, Bobby Daniels, and Isaac Grear), but the NCAGO concluded that "it is not possible for the NCAGO or the North Carolina Department of Adult Correction to identify John Doe 2 or John Doe 3." [Id. at 2]. In response, the Court noted that the NCAGO did not report whether the four identified individuals were assigned to Plaintiff's unit on December 23, 2021, and, with this information, it may be possible to determine whether any of these individuals is John Doe 2 or John Doe 3. [Id.]. The Court, therefore, ordered the NCAGO to investigate whether James Ramsey, Travis Payne, Bobby Daniels, and Isaac Grear were assigned to Plaintiff's unit at Mountain View on December 23, 2021, at approximately 7:00 a.m. and report back to the Court. [Id.].

The NCAGO timely complied and instructed that Bobby Daniels and Isaac Grear were assigned to Plaintiff's housing unit at 7:00 a.m. on December 23, 2021, and that James Ramsey and Travis Payne were assigned to other posts that day. [Doc. 17]. Despite this additional information, Plaintiff then asked to view the video footage of the incident to assist him in identifying the Doe Defendants. [Doc. 21]. Plaintiff argued that, "[i]t is impossible for [him] to

match the names with the individuals since [he doesn't] know which names belong to which officers." [Id. at 1]. The Court granted Plaintiff's motion "for the sake of allowing Plaintiff every possible means to identify the Doe Defendants in this case," and directed the NCAGO to arrange for Plaintiff to view the video footage at his correctional within 14 days of the Court's July 17, 2023 Order. [Doc. 22]. On July 31, 2023, the NCAGO reported that Plaintiff had viewed the footage. [Doc. 23].

After viewing the footage, Plaintiff acknowledged that his allegations of the incident were not wholly consistent with the incident as reflected on the video footage and asked the Court to order the NCAGO to identify certain individuals depicted in the video. [Doc. 24]. Plaintiff also requested to "rewrite" his Complaint. [Doc. 25]. The Court ordered Plaintiff to file an amended Complaint, as informed by the video evidence. [Doc. 26 at 2]. The Court further ordered that, if Plaintiff's amended Complaint survived initial review, it would order the NCAGO to identify the relevant Doe Defendants. [Id.].

After viewing the video evidence, Plaintiff filed an Amended Complaint naming Defendants John Doe 2, John Doe 3, and John Doe 4 as Defendants in this matter. [Doc. 27]. Plaintiff alleged, in pertinent part, that the following occurred at Mountain View on December 23, 2021:

> 1) On Camera 183, E, housing POD 'E' upper T1, at 07:11 through 07:12 mark show me being assaulted by JOHN DOE 2 with a baton as I was retreating and begging them not to hurt me. My hands are up in a begging motion while Im backing up in a submissive manner when JOHN DOE 2 begin to strike me with his baton while I pose as no threat.
>
> 2) On camera 183, E, housing POD 'E' upper T1, at 07:14.37 (between the 34-37 seconds mark) shows JOHN DOE 3 come behind me while my hands are in handcuffs behind my back and begin to bend and twist them in a harmful manner with malicious and sadistic intent which resulted in me suffering a broken right

3

hand. During this time I posed no threat.

3) On camera 183, E, Housing POD 'E' upper T1, between the hours of 07:22-07:25 will show officer JOHN DOE 4 Place my shirt over my head, choke me, and punch me in the face as I was in full restraints strapped in a restraint chair, with no way of defending myself and posing as no threat. At 07:23 hr. between 50-53 seconds mark He punched me in the face, my head can be seen jerking awkwardly from the impact of his punch. He can be identified by Jerking on my shirt at the 07:24 hr mark between the seconds of 20-24. I was temporarily knocked out by the punch but later regained conciousness. I also suffered shortness of breath from him choking me.

[Id. at 7-8 (errors uncorrected)].

Plaintiff's Eighth Amendment excessive force claims against Defendants John Doe 2, John Doe 3, and John Doe 4 survived initial review as not clearly frivolous. [Doc. 28]. The Court ordered the NCAGO to identify these Doe Defendants from the video footage of the incident, the information alleged in Plaintiff's Amended Complaint, and any other available information or means, including any relevant information previously provided by the NCAGO or the Plaintiff in this matter. [Id. at 4]. The NCAGO timely responded and based on the time stamps provided by the Plaintiff, identified John Doe 2 as James W. Ramsey and John Does 3 and 4 as Kody T. Hughes. [Doc. 29].

On September 26, 2023, the Court ordered that these Defendants be substituted for the Doe Defendants in this matter and ordered the Clerk to commence the process for waiver of service. [Doc. 30]. On February 16, 2024, Defendants Ramsey and Hughes answered Plaintiff's Amended Complaint. [Doc. 38]. The Court then entered a Pretrial Order and Case Management Plan (PTOCMP), setting the deadline to amend or join parties as April 9, 2024. [Doc. 39].

On March 21, 2024, Plaintiff filed an improper request for production of documents in this matter. [Doc. 41]. It did not include a request for the video evidence in this matter. [See id.]. The

4

Court struck Plaintiff's request, admonishing him that, as he was advised in the Order of Instructions in this case, discovery requests are not filed with the Court; they should only be served on the opposing party. [Doc. 42 at 1]. The Court also cautioned Plaintiff to review the Order of Instructions, the Local Rules of this Court, and the Federal Rules of Civil Procedure before filing documents with this Court because "**[a]ny future improper filings may be summarily dismissed and/or stricken from the record**." [Id. (emphasis in original)]

On March 28, 2024, seven months after viewing the video [Doc. 23-1] and six months after amending his Complaint [Doc. 27], Plaintiff moved the Court to order the NCAGO to reinvestigate the identities of the Does Defendants. [Doc. 43]. As grounds, Plaintiff "disagree[d] that John Doe 3 and John Doe 4 are both Defendant Hughes and argued that a reinvestigation "[would] show a degree of differences between John Doe 3 and John Doe 4." [Id. at 2]. Plaintiff also argued that he believes John Doe 2 "is in fact Isaac Grear," not James Ramsey for the reasons stated in Plaintiff's motion. [Id. at 2-3]. Plaintiff also asked for pictures of James Ramsey, Travis Payne, Bobby Daniels, Kody Hughes and Isaac Grear and an opportunity to rewatch the video of the incident. [Id. at 3].

The Court denied Plaintiff's motion, noting that it "ha[d] been extraordinarily patient and accommodating with Plaintiff's attempts to identify the Doe Defendants in this matter," that "the NCAGO, as ordered by the Court, has taken considerable action to assist Plaintiff in identifying these Defendants;" that Plaintiff waited five months after Defendants Ramsey and Hughes were substituted for the Doe Defendants in this matter to complain that they were not properly identified; and that "[t]here is no reason to believe the NCAGO would have subjected Defendants Ramsey and Hughes to liability as Defendants in this matter if they were not, in fact, the individuals involved in the incident at the time stamps provided by Plaintiff himself." [Doc. 45 at 5].

Plaintiff now moves to view all video footage of the incident "to assist Plaintiff with producing INTERROGATORIES and Admission." [Doc. 46 at 1]. Plaintiff asks "to use video evidence throughout and untill completion of the production of Plaintiff's Interrogatories and admission which is to be served on defendants." [Id. (errors uncorrected)]. As grounds, Plaintiff restates the grounds asserted in his previous motion, claiming he is "supremely confident in his assumption, that the NORTH CAROLINA ATTORNEY General's office … identified … the wrong officers to the JOHN DOE 2, 3, and 4 applicants." [Id. at 2]. Plaintiff states that review of the video footage will "accurately assist Plaintiff in providing time stamped questions from the video footage when conducting interrogatories…." [Id.]. Plaintiff also argues that correctly identifying the Doe Defendants will support his motion to amend his Complaint. [Id.].

The Court will deny this motion without prejudice. Plaintiff has not shown that he has requested the video evidence in discovery, that the Defendants have refused to produce it, or certified that he made a good faith attempt to resolve any discovery dispute around it before seeking Court intervention. See Fed. R. Civ. P. 37(a). Plaintiff has had the opportunity to properly seek such video evidence from Defendants in the normal course of discovery in this matter and he has apparently failed to do so. Moreover, the Court just denied Plaintiff's motion for another opportunity to view the video footage, and Plaintiff presents nothing new in the pending motion. Plaintiff has also amply demonstrated his knowledge of the relevant time stamps in his Amended Complaint. The Court fails to see how ordering another viewing of the video evidence outside the normal course of discovery would meaningfully supplement such information. Finally, even if the Court were to order another viewing of the video evidence, the Court cannot order that such video evidence would be available for Plaintiff's use throughout discovery, as he seeks.

The Court will, however, deny Plaintiff's motion without prejudice so that he may properly move to compel production of the video evidence if Defendants improperly refuse to produce it in discovery.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion [Doc. 46] is **DENIED** without prejudice.

**IT IS SO ORDERED**.

Signed: April 15, 2024

Frank D. Whitney
United States District Judge