UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00098-FDW

| | |
|---|---|
| RODWYN ANTONIO TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| JAMES W. RAMSEY, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for an Order Compelling Discovery" [Doc. 72], Plaintiff's "Motion to Request Continuance for Order to Respond to Motion for Summary Judgment by Defendants" [Doc. 73], and Defendants' Response to Plaintiff's Motion to Compel [Doc. 75].

Pro se Plaintiff Rodwyn Antonio Taylor ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Harnett Correctional Institution in Lillington, North Carolina. On or about April 7, 2023, he filed this action pursuant to 42 U.S.C. § 1983 against three Doe Defendant officials at Mountain View Correctional Institution in Spruce Pine, North Carolina, based on allegations of excessive force. [Doc. 1; Doc. 1-2 (postmark)]. Plaintiff's Complaint passed initial review as to two of these Doe Defendants and the third was dismissed. [Doc. 10]. After Plaintiff viewed video footage of the alleged incident to identify the Doe Defendants, he amended his Complaint to more accurately capture the events depicted in the video. [Doc. 27; see Docs. 23, 24]. Plaintiff's Amended Complaint survived initial review in accordance with the Court's Order, and the surviving Doe Defendants were identified as James W. Ramsey and Kody T. Hughes. [Docs. 28, 29]. After Defendants answered the Amended Complaint, the Court entered

a Pretrial Order and Case Management Plan (PTOCMP) setting the discovery deadline as June 18, 2024, and the dispositive motions deadline as July 18, 2024. [Doc. 39]. Notably, the PTOCMP ordered that "[t]he parties are directed to initiate discovery requests … sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by Order of the Court for good cause shown." [Id. at 3].

On April 4, 2024, Plaintiff moved to view all video footage of the incident "to assist Plaintiff with producing INTERROGATORIES and Admission." [Doc. 46 at 1]. On April 16, 2024, the Court denied Plaintiff's motion without prejudice, noting that Plaintiff had not shown that he had requested the video evidence in discovery or that Defendants refused to produce it. [Doc. 48 at 6]. The Court also noted that Plaintiff had had the opportunity to properly seek such video evidence from Defendants in the normal course of discovery and had apparently failed to do so. [Id.]. The Court stated that it was denying the motion without prejudice so that Plaintiff "may properly move to compel production of the evidence if Defendants improperly refuse to produce it in discovery." [Id. at 7].

Meanwhile, on April 14, 2024, Plaintiff served his First Set of Interrogatories and Request for Production of Documents on Defendants.[1] [Doc. 51 at 1-2]. After several extensions of the deadline to respond to Plaintiff's discovery request and of the discovery and dispositive motions deadlines, the deadline to complete discovery was October 18, 2024, and the dispositive motions deadline was November 4, 2024. [See 8/13/2024 Text Order]. On November 4, 2024, Defendants moved for summary judgment. [Doc. 64]. The same day, the Court entered an Order pursuant to

---

[1] Nothing in the record suggests that this discovery request included a request for production of video footage of the alleged incident. Of note, a discovery request that Plaintiff improperly filed with the Court on or around March 18, 2024, contained no request for video footage. [See Doc. 41; Doc. 41-1 (postmark)].

2

Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Plaintiff of his duties in responding to the Defendants' motion and setting November 19, 2024, as the deadline to do so. [Doc. 71].

On or about November 18, 2024, Plaintiff moved the Court to compel Defendants to produce "[a]ll video footage relating to the incident" on December 23, 2021. [Doc. 72; Doc. 72-1 (postmark)]. As grounds, Plaintiff states that he "submitted a written request for these documents … on October 24, 2024 in 'good faith' but [had] not yet received the documents." [Id.]. Plaintiff states that he "will need these video documents to support [his] claim in trial." [Id.]. Plaintiff, however, fails to certify that he conferred or attempted to confer with Defendants to obtain the video footage before involving the Court as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 7.1.

In response, Defendants argue that Plaintiff's motion to compel should be denied as untimely and for his failure to comply with Rule 37(a)(1) and Local Rule 7.1. [Doc. 75]. Defendants aver, however, that they nonetheless served Plaintiff with a USB containing the requested video footage at his correctional facility. [Id. at 2-3; see Doc. 75-1].

The Court would have denied Plaintiff's motion to compel for several reasons. Despite numerous extensions of time and instructions by the Court, Plaintiff failed to timely request production of the video footage. The Court advised Plaintiff on April 16, 2024, that he needed to seek the footage from Defendants in the normal course of discovery and that he could renew his motion to compel if Defendants failed to produce it. At best, Plaintiff requested the video footage on October 24, 2024, six days after the much-extended discovery deadline expired. Moreover, Plaintiff failed to provide a copy of this purported request with his motion to compel or any excuse for his protracted failure to timely request the video footage. Finally, Plaintiff failed to comply

3

with Rule 37(a)(1) and Local Rule 7.1.  Because, however, Defendants commendably served Plaintiff with the requested video footage, the Court will deny Plaintiff's motion as moot.  The Court will order Defendants to manually file a copy of the footage with the Court within 10 days of this Order.  North Carolina prisoners are not typically allowed to receive and retain flash drives in custody and, without assistance from defense counsel or the Court, typically have no means to view such footage.

Also pending is Plaintiff's motion for extension of time to respond to the Defendants' summary judgment motion, which he filed on or about November 21, 2024.  [Doc. 73, Doc. 73-1 (postmark)].  As grounds, Plaintiff states that he did not receive the Court's Roseboro Order until November 20, 2024, and that it would, therefore, be impossible for him to respond to Defendants' motion within the deadline set by the Court.  [Doc. 73 at 1].  Plaintiff requests an extension to December 4, 2024 to respond to Defendants' summary judgment motion.  [Id. at 3].  Also on November 21, 2024, Plaintiff filed a response to Defendants' summary judgment motion.  [Doc. 74, Doc. 74-1 (postmark)].  Oddly, the Plaintiff's response is dated November 16, 2024, four days before Plaintiff claims he received the Court's Roseboro Order.[2]  [See Doc. 74 at 2].  Despite this irregularity and potential misrepresentation by the Plaintiff, the Court will grant Plaintiff's motion and allow him 14 days from the date of this Order to supplement his summary judgment response.  Plaintiff is advised that he may incorporate and refer to the video footage in his supplemental response.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for an Order Compelling Discovery [Doc. 72] is **DENIED** as moot.

---

[2] It appears, therefore, that Plaintiff back dated his response in the event that the Court denied his motion for extension of time to respond.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Request Continuance for Order to Respond to Motion for Summary Judgment by Defendants [Doc. 73] is **GRANTED** and Plaintiff shall have 14 days from the date of this Order to **SUPPLEMENT** his Response [Doc. 74] to Defendants' Motion for Summary Judgment [Doc. 64].

**IT IS FURTHER ORDERED** that Defendants shall **MANUALLY FILE** a copy of the video footage of the alleged incident with the Court within ten (10) days of this Order at the following address:

100 Otis Street, Room 309
Asheville, NC 28801

**IT IS SO ORDERED**.

Signed: December 10, 2024

_____
Frank D. Whitney
United States District Judge